## Richmond

BOARD OF SUPERVISORS OF LOUDOUN COUNTY v. GEORGETOWN LAND COMPANY.

June 10, 1963.

Record No. 5545.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*Thomas V. Monahan* (*Stirling M. Harrison, Commonwealth's Attorney for Loudoun County*, on brief), for the appellant.

*Richard E. Hill* (*Robert L. Gilliam, III; Hill, DiZerega & deButts*, on brief), for the appellee.

CARRICO, J., delivered the opinion of the court.

Georgetown Land Company, a corporation, or the land company, as it will be called, filed a bill of complaint against the Board of Supervisors of Loudoun County, or the board, as it will be referred

to, seeking a declaratory judgment (Code, § 8-578) that an amendment to Section 2-16 of the subdivision ordinance of Loudoun County was "void and otherwise invalid." The board filed its answer denying the invalidity of the amendment in question.

The chancellor held that evidence was unnecessary for the disposition of the cause and ruled that the challenged amendment was, on its face, "unconstitutional, invalid, arbitrary, unreasonable and capricious." We granted the board an appeal from the final decree embodying the court's ruling.

The land company's bill alleged that it owned a 394-acre tract of land near Middleburg in Loudoun County; that it wished to sell therefrom parcels in excess of 10 acres each, and that it had been advised by the board that it could not sell such parcels unless it complied with the subdivision ordinance.

The ordinance, adopted by the board effective April 1, 1957, regulates subdivisions in the county by providing that, "no property in a subdivision shall be transferred or offered for sale, nor shall a permit be issued for a structure thereon, until a final plat of such subdivision shall have been approved, as provided herein, and recorded in the office of the Clerk of the Circuit Court of Loudoun County, Virginia." Provisions are made requiring the installation of certain facilities and improvements in subdivisions and controlling the manner in which the land may be developed.

Section 2-16 of the ordinance, under the heading "Definitions", reads as follows:

"SUBDIVIDE. To separate in any manner any tract of land into three or more lots or other divisions of land at one time or within a period of four successive years for the purpose, either immediate or future, of transfer of ownership or of building development of any part, provided that the separation of any tract of land into lots or other divisions of land each of which contains an area of ten acres or more shall not be considered a Subdivision, *except when (a) such separation includes in each or any lot or in any part of the Subdivision, a dedication of land to public use, or (b) such separation involves the use of a road or street not already accepted into the State Highway System, which road or street serves three or more lots or other divisions of land.* The straightening or rearranging of boundary lines of neighbors shall not be considered a subdivision."

The italicized portion constitutes the amendment, adopted May 16, 1961, which is in dispute here.

The contention of the board is that the amendment is not unreasonable on its face, even though no limit is placed upon the size of the parcels constituting a subdivision falling within the terms of (a) or (b) of the amendment. The board urges that the chancellor should have heard evidence before determining the validity of the amendment. The sole contention of the land company is that the amendment is unreasonable on its face because no limit is placed on the size of the component parcels.

The sole question to be determined, therefore, is whether the amendment is unreasonable on its face because it lacks such a limitation.

We have not had cited to us, nor have we found, any judicial decision upon the precise question before us. Apparently, this question has not been passed upon by any court of last resort in this country. However, in a situation quite similar to the one at hand, the California Supreme Court, in the case of *In re Sidebotham*, 12 Cal. 2d 434, 85 P. 2d 453, 122 A. L. R. 496, held not to be arbitrary the definition of a subdivision as, "land or lands divided or proposed to be divided for the purpose of sale or lease, whether immediate or future, into five or more lots or parcels," in the Real Estate Act of California which, among other things, regulated subdivisions. The attack on the California statute, however, was that the choice of "five or more lots" as a basis for definition was arbitrary, but it should be noted that the definition contained no reference to the size of the lots or parcels making up the subdivision.

The land company relies upon our decision in *Board of Supervisors* v. *Carper*, 200 Va. 653, 107 S. E. 2d 390, as authority for its contention. There we held invalid an amendment to a zoning ordinance which placed certain portions of Fairfax County in a zone requiring minimum lot areas of two acres each.

But there is a substantial and controlling difference between the *Carper* case and the one now before us. The Fairfax zoning amendment *prohibited the use* of the land in the restricted area except when it conformed to the size requirement. The ordinance before us does not prevent the use of the land subject thereto. It merely provides that when land is to be used as a subdivision, as defined, it must be used *in the manner* provided in the ordinance.

Having found no direct judicial precedent to guide us in making a decision, we now turn to the enactments of the legislature for assistance in resolving the question before us.

The county's subdivision ordinance was enacted pursuant to the authority of the Virginia Land Subdivision Act (Code, §§ 15-779 to 15-794.3, inclusive) which was in effect on the dates of passage of the ordinance and the amendment. The question of the validity of this enabling legislation is not before us on this appeal.

Code, § 15-780, provided that after such regulations were adopted, "any owner or proprietor of any tract of land who subdivides the same shall cause a plat of such subdivision . . . to be made and recorded. . ."

An examination of the Act discloses no definition of the term "subdivision", nor is there found any requirement that the locality limit the number or size of the component parcels in defining the term. Thus, the legislative intent was to reserve to each locality the right to define one "who subdivides" land, or what would be a subdivision, under the terms of the local ordinance.

The intent of the legislature, in this respect, was further expressed at its 1962 session when it repealed the Virginia Land Subdivision Act and enacted Code, §§ 15-967 to 15-967.20, inclusive. These new sections reaffirmed the authority of the localities to regulate the subdivision and development of land. Code, § 15-967, provided that unless the term "subdivision" was otherwise defined in the local ordinance, it "means the division of a parcel of land into three or more lots or parcels of less than five acres each for the purpose of transfer of ownership or building development, or, if a new street is involved in such division, any division of a parcel of land".

This new statement of legislative intent, although not controlling because it was not adopted until after the passage of the Loudoun amendment in dispute, is, nonetheless, persuasive in resolving the question of the reasonableness of the amendment. In the first place, it reserved to each locality the right to make its own definition of the term "subdivision," and, secondly, it granted clear authority for the locality to regulate a subdivision, without relation to the number or size of the lots, if a new street would be involved.

The legislature, in enacting the Virginia Land Subdivision Act, delegated to each locality a portion of the police power of the state, to be exercised by it in determining what subdivisions would be controlled, and how they should be regulated. The legislature left much to the discretion of the locality in making such determination, relying upon the local governing body's knowledge of local conditions and the needs of its individual community.

The test as to whether the local body has used this power and discretion properly is, has it acted reasonably? Unless there is a clear abuse of power, the judgment of the local legislative body will prevail. *West Brothers Brick Co.* v. *Alexandria,* 169 Va. 271, 283, 192 S. E. 881; *Board of Supervisors* v. *Carper, supra,* 200 Va., at p. 660.

It has been said, in relation to an exercise of the police power, that what is reasonable in one place might be unreasonable in another. 37 Am. Jur., Municipal Corporations, § 173, pp. 803, 804. With reference to the problem before us, a subdivision with lots of a certain size might need to be controlled in one locality but not in another.

Whether a locality has acted reasonably in defining the term "subdivision", in an ordinance adopted pursuant to the Act, must depend upon the circumstances found to exist in the particular locality.

We cannot agree, therefore, that the amendment is unreasonable on its face. There well may be a proper public interest in its passage; there may be some appropriate public purpose which will be advanced by its provisions, or there may be some substantial public evil existing in the development of large lot subdivisions in Loudoun County which needs correcting.

The question of whether these factors, or any of them, do or do not exist and, hence, whether the amendment is reasonable or unreasonable, can only be determined by a resort to evidence.

We think the chancellor should not have declared the amendment invalid on its face but, instead, should have required the land company to show that, as applied to it, the ordinance violated some legal right. If the land company was successful in making out a prima facie case of such invalidity, then the chancellor should have heard and considered the board's evidence, before making a determination.

Accordingly, the decree will be reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*