## CIRCUIT COURT OF FAIRFAX COUNTY

Charles Kernan et al.

v.

Fairfax County
Water Authority

February 14, 2006

CL-2005-002823

BY JUDGE DENNIS J. SMITH

This case came before the court on Fairfax County Water Authority's ("FCWA") Demurrer and Plea in Bar to Plaintiff's Motion for Declaratory Judgment. The Plaintiffs are property owners in Fairfax County, who are challenging FCWA's construction of a water main that will connect their property to Fairfax County's main surface water system. The Plaintiffs have alleged that the resulting connection of the water main will raise their water rates by an estimated 30% or more. The Plaintiffs argue that the water main extension is not part of the Comprehensive Plan adopted by Fairfax County, and, therefore, under Virginia Code § 15.2-2232, the extension of the water main must be submitted to the Fairfax County Planning Commission for approval. They contend that, since FCWA did not obtain such approval, its construction of the water main is an *ultra vires* act by a governmental entity.

The Demurrer asserts three alleged deficiencies: (1) the Plaintiffs have no private right of action to enforce Fairfax County's Comprehensive Plan and, therefore, lack standing to bring this action; (2) a request for a declaratory judgment is improper as it will not guide the parties' future actions but seeks an advisory opinion regarding construction that has already occurred; (3) the project at issue, construction of a water main connection, does not have to be submitted to the Planning Commission for approval because it is consistent with the 1993 Water Facilities Agreement, which has been incorporated into the Comprehensive Plan. The Plea in Bar asks the Court to dismiss the action because, under the Comprehensive Plan and the 1993 Water Facilities Agreement, the project does not need Planning Commission approval as a matter of law.

FCWA's position is that, under Virginia Code § 15.2-2232, "normal service extensions" do not require approval from the local planning commission. They assert that, in the 1993 Water Facilities Agreement with FCWA, Fairfax County defined the extension of pipelines less than sixteen inches in diameter as "normal service extensions." The water main at issue in this case is less than twelve inches in diameter. The Plaintiffs respond that Fairfax County and FCWA do not have the authority to interpret Virginia Code § 15.2-2232 in this manner and that, even if they do, this interpretation is arbitrary and, therefore, invalid.

With regard to the challenge to standing, which is raised both by the Demurrer and Plea in Bar, Virginia law allows taxpayers to bring suit to restrain the government from acting *ultra vires. See Gordon v. Board of Supervisors*, 207 Va. 827, 153 S.E.2d 270 (1967). In addition, government action may be challenged as arbitrary and capricious when those challenging the government action have an immediate, pecuniary, and direct interest in the subject matter of the litigation and suffer a burden different from the burden imposed upon the public generally. *Nicholas v. Lawrence*, 161 Va. 589, 593, 171 S.E. 673 (1933); *Virginia Beach Beautification Comm'n*, 231 Va. 415, 419, 344 S.E.2d 899 (1986); *Board of Supervisors v. Southland Corp.*, 224 Va. 514, 523, 297 S.E.2d 718 (1982). While the court accepts that the plaintiffs have an immediate, pecuniary, and direct interest in the extension at issue, the court is not persuaded by the evidence presented that the ratepayers in this suit suffer a different burden than the public generally as there was no evidence presented to show that their rates are higher than any other ratepayers. Accordingly, their standing is dependent upon their establishing that actions of the county and FCWA are *ultra vires*.

214

Virginia Code §§ 15.2-2223 and 2232(A) grant Fairfax County the authority to adopt a Comprehensive Plan as part of its zoning authority and it has done so. Once the Comprehensive Plan is adopted, it controls "the general or approximate location, character, and extent of each feature shown on the plan." Virginia Code § 15.2-2223. The Virginia Code further provides that a public utility facility or public service corporation facility not shown on the adopted master plan shall not be "constructed, established, or authorized, unless and until the general location or approximate location, character, and extent thereof has been submitted to and approved by the [local planning] commission as being substantially in accord with the adopted comprehensive plan or part thereof." Virginia Code § 2232(A). No local planning commission approval is required, however, for "paving, repair, reconstruction, improvement, drainage, or similar work and *normal service extensions* of public utilities or public service corporations . . . unless involving a change in location or extent of a street or public area." Virginia Code § 15.2-2232(C) (emphasis added).

It is noteworthy that the Code does not itself define "normal service extensions." It can, therefore, be inferred that the General Assembly left it to the locality to define that term for its local planning process in accordance with existing local conditions. *See Board of Supervisors v. Land Co.*, 204 Va. 380, 131 S.E.2d 290 (1963). Furthermore, "[u]nder the usual and elementary rules of construction, the language of a statute must be construed so as to give that language some meaning where it is possible to do so, without doing violence to the clear intent and purpose of the enactment." *City of Richmond v. Grand Lodge*, 162 Va. 471, 174 S.E. 846 (1934). If the court were to adopt the construction urged by Plaintiffs, it would be holding that the General Assembly created an exception allowing the county to bypass the local planning commission process while still requiring the county to hold a hearing in each individual case to determine if the omission of the hearing is appropriate. This would render the exception virtually, if not literally, meaningless. While this statutory scheme is not an express grant of authority, localities have:

> powers which are expressly granted by the state legislature, those powers fairly or necessarily implied from expressly granted powers, and those powers which are essential and indispensable. Where the state legislature grants a local government the power to do something but does not specifically direct the method of implementing that power, the choice made by the local

government as to how to implement the conferred power will be upheld as long as the method selected is reasonable. Any doubt in the reasonableness of the method selected is resolved in favor of the locality.

*City of Virginia Beach v. Hay*, 258 Va. 217, 221, 518 S.E.2d 314 (1999) (citations omitted).

The Court, therefore, concludes that the Virginia Code authorizes the county to establish criteria as to what constitutes a "normal service extension."

The County's definition of the term "normal service extension" was incorporated into the Comprehensive Plan of Fairfax County, *see* Comprehensive Plan, Objective 30, Policy c, and is clearly a legislative act. As a legislative act, it is deemed reasonable if the matter at issue is fairly debatable. An issue is fairly debatable if objective and reasonable persons could reach different conclusions based upon the same evidence. *Fairfax County v. Williams*, 216 Va. 49, 58, 216 S.E.2d 33 (1975).

As to the burdens and principles involved in ascertaining whether an issue is fairly debatable, the Virginia Supreme Court has stated:

Where presumptive reasonableness is challenged by probative evidence of unreasonableness, the challenge must be met by some evidence of reasonableness. If evidence of reasonableness is sufficient to make the question fairly debatable, the ordinance "must be sustained." If not, the evidence of unreasonableness defeats the presumption of reasonableness and the ordinance cannot be sustained.

*Norton v. City of Danville*, 268 Va. 402, 409, 602 S.E.2d 126 (2004), quoting *Board of Supervisors v. Snell Constr. Corp.*, 214 Va. 655, 659, 202 S.E.2d 889 (1974).

The Plaintiffs assert that the definition of "normal service extension" is arbitrary and unreasonable because it ignores the location, the length of the extension, and the environmental impact. David Marshall, a branch chief at Fairfax Planning and Zoning overseeing the Comprehensive Plan related to public service issues, testified that, in formulating the policies set forth in the 1993 Water Facilities Agreement, the process was reviewed to make it more efficient. After looking at prior extension requests, the determination was made that extensions of water pipelines which are less than sixteen inches in diameter would be considered normal service extensions. Even assuming that

the Plaintiffs' assertion constitutes probative evidence of unreasonableness, FCWA has presented some evidence of reasonableness and its action in defining normal service extension was therefore not *ultra vires*. The Plaintiffs, therefore, lack standing to challenge FCWA's implementation of Virginia Code § 15.2-2232(C), and the Plea in Bar is granted.