PRESENT: Keenan, Koontz, Kinser, Lemons, Goodwyn, and
Millette, JJ., and Lacy, S.J.

COUNTY OF CHESTERFIELD
                                           OPINION BY
v.  Record No. 082575        JUSTICE LEROY F. MILLETTE, JR.
                                     February 25, 2010
TETRA ASSOCIATES, LLC

            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Michael C. Allen, Judge

     In this appeal, we address whether the circuit court

erred by declaring that two Chesterfield County ordinances,

which were relied upon by the County in rejecting a

preliminary subdivision application, violated the Code of

Virginia and were void.

     The issue in this case concerns the validity of three

separate ordinance provisions in the Chesterfield County Code

of Ordinances (1997) (County Code).

     The first ordinance provision is found in County Code

§ 17-2, a definition section of the County's Subdivision

Ordinance, which defines "Subdivision, residential parcel" as

the "division . . . of any parcel of land for residential use,

into two or more parcels all of which are more than five

acres."  The second ordinance provision, also found in County

Code § 17-2, defines "Subdivision, lot" as the "division of

any parcel of land for residential or residential townhouse

use, into two or more lots, any one of which is less than five

acres . . . for the purpose [of] residential or residential townhouse use." The third ordinance provision is County Code § 17-36(a), also in the County's Subdivision Ordinance, titled "Recordation of subdivision plat prior to compliance with zoning ordinance prohibited," which provides:

> Except as noted in sub-section (b), no plat for a lot subdivision shall be recorded unless the land is included within a residential, or townhouse residential zoning district, or is a residential use in a commercial zoning district as defined by chapter 19 of this Code.

The validity of these ordinance provisions is decided in the context of two other County Code ordinance provisions. The first such ordinance is County Code § 19-123(a), in the County's Zoning Ordinance, which provides that "Residential use" is a permitted "by right" use in the "A Agricultural District." The second ordinance is County Code § 19-128(f), also in the County's Zoning Ordinance, which permits one acre lots in the Agricultural District, providing:

> *Required lot area.* Each primary structure, together with accessory structures, hereafter erected shall be located on a lot having an area of not less than 43,560 square feet [i.e. one acre] and a width of not less than 150 feet.

### Facts and Proceedings

Tetra Associates, LLC (Tetra) owns a 7.071 acre parcel of land in Chesterfield County. The property is zoned Agricultural pursuant to the County Code. Tetra filed a

2

preliminary subdivision application to divide its property into five residential lots, with a minimum lot size of 43,560 square feet (one acre) and a minimum lot width of 150 feet. The Planning Department reviewed the application and notified Tetra that its application must be modified to comply with the County Code. Among its comments and suggestions, the Planning Department noted:

> This subdivision does not comply with Section 17-36 of the Chesterfield County Subdivision Ordinance. Section 17-36 prohibits recordation of a plat for a lot subdivision unless the land is included within a residential or townhouse residential zoned district. This tentative [plat] is on land which is zoned Agricultural and therefore does not comply with Section 17-36 and must be rezoned for residential use.

The Planning Department also noted:

> Based on the fact that this property is zoned Agricultural it cannot be subdivided as shown on the plat dated 1/12/05[. B]ased on Section 17-36 of the Subdivision Ordinance the property must be zoned to a residential zone to divide it as shown. Please contact the zoning group for information on the zoning process.[1]

Tetra filed an action for declaratory relief, asking the circuit court to: "[d]eclare that the County's disapproval of

---

[1] When Tetra's preliminary subdivision application was denied, Tetra filed an amended application reducing the number of lots to four lots, each with a minimum lot size of more than one acre and a minimum lot width of 150 feet. The Planning Department rejected this application with comments similar to the comments above. However, even before the Planning Department's comments were received by Tetra, Tetra instituted legal action.

the preliminary subdivision application is not properly based on the applicable subdivision ordinances and, as a result, is improper and void;" "[d]eclare . . . the County's disapproval of the preliminary subdivision application to be arbitrary, capricious and unreasonable;" declare that County Code § 17-36 is void; and declare that County Code § 17-2 is void "to the extent it requires that [Tetra's property] be rezoned prior to being subdivided." The County filed a motion to dismiss, which the circuit court denied. Thereafter, the parties filed cross motions for summary judgment.

The circuit court entered a final order granting Tetra's motion for summary judgment. The circuit court issued a letter opinion, in which the court stated that the County's authority to establish ordinances for the subdivision of land derives from Code §§ 15.2-2240 through -2279. Furthermore, the court noted that Code § 15.2-2241 provides "mandatory" provisions for subdivision ordinances, and Code § 15.2-2242 provides "optional" provisions for subdivision ordinances. The circuit court stated that these two code sections "comprise the universe of powers granted to the County in the exercise of its authority to regulate the subdivision of land." The circuit court ruled that neither of these statutes allow the County to demand rezoning as a condition to subdivision approval, and accordingly ruled that County Code

4

§§ 17-2 and -36 were void.  The circuit court also ruled that the County's disapproval of Tetra's preliminary subdivision application on the basis of Tetra's failure to comply with these provisions of the County Code was void and that the County was required to approve Tetra's subdivision application.

### Discussion

On appeal, the County argues that the circuit court erred when it ruled that County Code §§ 17-2 and -36 were void. According to the County, Code §§ 15.2-2201 through -2279 "allow[] local governments to independently define what constitutes a subdivision and establish minimum subdivision parcel sizes."  The County also asserts that the circuit court erred in ruling that the County required Tetra to rezone its property because, according to the County, County Code §§ 17-2 and -36 do not require property to be rezoned as a condition to subdivision approval.

The County contends that Code § 15.2-2201 and case law grant localities "'clear' authority to define subdivision[s] within their borders by lot size and number."  The County asserts that the circuit court committed error by focusing its analysis solely on Code §§ 15.2-2241 and -2242, and not applying the related provisions appearing in Code §§ 15.2-2201 though -2279.  By failing to do so, the County argues that the

circuit court failed to look at the entire statutory framework that provides localities the power to enact subdivision ordinances.

The County also asserts that the circuit court misinterpreted this Court's holding in Board of Supervisors v. Countryside Inv. Co., 258 Va. 497, 522 S.E.2d 610 (1999). The County argues that Countryside is distinguishable from this case because the Planning Department's denial of Tetra's application was not improperly based on "zoning considerations," but was based upon valid ordinances defining the term "subdivision" and regulating the subdivision of land.

Finally, the County argues that the circuit court erred by ruling County Code §§ 17-2 and -36 void in their entirety. Rather, assuming the circuit court was correct in declaring the relevant sections of County Code §§ 17-2 and -36 void, the County asserts that the circuit court should have severed the offending portions of the ordinances from the valid portions, ruling only the offending portions void.

Tetra responds that the circuit court did not improperly apply the rules of statutory construction because it properly considered Code §§ 15.2-2240 through -2279 and Countryside. Tetra contends that by creating separate rules for "Subdivision, lot" and "Subdivision, residential parcel" in County Code § 17-2, the County is attempting to regulate

6

subdivision of property in a manner not permitted under the limited authority granted by the Code of Virginia.

Tetra argues that through the definition of "Subdivision, residential parcel," the County attempts to dictate minimum lot size by requiring subdivided lots in the Agricultural District to be at least five acres. Tetra contends that this violates the holding of Countryside because it effectively rezones Tetra's property by imposing restrictions on uses that are otherwise allowed in the Agricultural District.

Finally, Tetra argues that the circuit court's order declaring County Code §§ 17-2 and -36 void is not impermissibly overbroad. Tetra acknowledges that the circuit court stated that "the subject provisions of the subdivision ordinance are void and unenforceable," and thus Tetra concedes that the circuit court only intended to invalidate the provisions in County Code § 17-2 defining "Subdivision, lot" and "Subdivision, residential parcel," which the County relied upon in denying Tetra's application, as well as subsection (a) in County Code § 17-36.

We first address whether the County had the authority to enact the County Code sections that the circuit court has ruled void. [2] By enacting Code § 15.2-2201, the General

_____

[2] The County's argument that Code §§ 15.2-2201 through -2279, which comprise a portion of Chapter 22 of the Code of

7

Assembly conferred upon localities the power to enact their own definition of "subdivision." Nevertheless, localities' power to define "subdivision," and thereby regulate the subdivision of property, is limited. We have previously stated that localities may not, "under the guise of a subdivision ordinance, enact standards which would effectively permit [localities] to rezone property in a manner inconsistent with the uses permitted by the property's zoning classification." Countryside, 258 Va. at 504-05, 552 S.E.2d at 613-14. Thus, our inquiry focuses on whether County Code § 17-36(a), which prohibits lot subdivision in the Agricultural District, imposes restrictions on the subdivision of Tetra's land which are otherwise permitted by the Zoning Ordinance governing the Agricultural District.

County Code § 19-128(f) permits one acre lots in the Agricultural District. By imposing a five acre minimum lot size in the Agricultural District through applications of County Code § 17-36(a) and the definitions of lot subdivision and residential parcel subdivision contained in County Code

Virginia titled "Planning, Subdivision of Land and Zoning," as well as this Court's decision in Board of Supervisors v. Georgetown Land Co., 204 Va. 380, 131 S.E.2d 290 (1963), grant localities the authority to define the term "subdivision" does not address the issue in this case. The issue is not whether the County has been granted the authority to regulate subdivision, but rather whether a locality's subdivision ordinance can be applied to effectively rezone property.

8

§ 17-2, the County infringes upon the right to subdivide to a minimum one acre parcel of land in the Agricultural District even though a residence on a one acre lot is a permitted use in Tetra's property's current Agricultural zoning classification. County Code § 17-36(a), by prohibiting a lot subdivision in the Agricultural District and requiring a residential parcel subdivision with a requisite five acre minimum lot size, effectively rezones Tetra's property in a manner inconsistent with the uses permitted by Tetra's Agricultural zoning classification. The County is not permitted to use a subdivision ordinance to prohibit a use of Tetra's property that is permitted by the property's zoning classification. 258 Va. at 505, 522 S.E.2d at 614.

We agree with Tetra that the circuit court correctly ruled that the County shall be required to process Tetra's preliminary subdivision application. The effect of County Code § 17-36(a) and the definitions of "Subdivision, lot" and "Subdivision, residential parcel" in County Code § 17-2 is to restrict the use of lot subdivisions to the residential zoning district, townhouse residential zoning district, and residential use in a commercial zoning district even though County Code §§ 19-123(a) and -128(f) permit residential use and one acre lots, respectively, in the Agricultural District. The County Code ordinance provisions at issue in this case do

not allow lot subdivisions with a minimum lot size of one acre in the Agricultural District, which exceeds the County's authority granted by the General Assembly in drafting a subdivision ordinance.  Countryside, 258 Va. at 505, 522 S.E.2d at 614.  Thus, County Code § 17-36(a) is void as violative of the Code of Virginia.  The definitions of "Subdivision, lot" and "Subdivision, residential parcel" as applied to a preliminary subdivision application in the County's zoned Agricultural District are likewise violative of the Code of Virginia and void.

We also hold that the circuit court, as it expressed in its final order, erred in declaring County Code §§ 17-2 and -36 void in their entirety.  The circuit court's order states, in pertinent part:  "§ 17-36 of the Chesterfield County subdivision ordinance is violative of the Code of Virginia and void [and] § 17-2 of the Chesterfield County subdivision ordinance is violative of the Code of Virginia and void . . . ."  Despite the agreement of the County and Tetra that only certain provisions of these County Code sections were an improper exercise of the County's authority, the circuit court's order, on its face, rules County Code §§ 17-2 and -36 void in their entirety.

County Code § 17-2, titled "Definitions," provides a list of 86 definitions, only two of which Tetra claimed were void

10

as an improper exercise of the County's authority.  Also, Tetra's complaint regarding County Code § 17-36 is limited to subsection (a).  Thus, the circuit court should have focused its ruling on the relevant sections of County Code § 17-2 and -36, rather than declaring the entirety of these County Code sections void.  County Code § 1-3, titled "Severability of parts of Code," provides:

> The chapters, articles, sections, paragraphs, sentences, clauses, phrases and words of this Code are severable. If any word, phrase, clause, sentence, paragraph, section, article or chapter of this Code is declared unconstitutional or invalid by the valid judgment or decree of a court of competent jurisdiction, such unconstitutionality or invalidity shall not affect any of the remaining chapters, articles, phrases, clauses, sentences, paragraphs, sections and words of this Code.

We have addressed the principle of "severability" in the context of challenges to laws passed by the General Assembly. In discussing the doctrine of severability as applied to constitutional challenges to an act passed by the General Assembly, we stated:

> The principle of severability is also applicable to the various provisions of an enactment.  The General Assembly expressly has provided that any unconstitutional provisions of an enactment will be severed from its remaining valid provisions, unless the enactment specifically states that its provisions may not be severed or that the provisions must operate in accord with one another.

Marshall v. Northern Va. Transp. Auth., 275 Va. 419, 428, 657 S.E.2d 71, 76 (2008) (citing Code § 1-243).

11

Like the enactment by the General Assembly reviewed in Marshall, the County has explicitly provided that invalid or unconstitutional provisions of the County Code are severable. Thus, the circuit court erred in ruling County Code §§ 17-2 and -36 void in their entirety.

## Conclusion

The circuit court erred by declaring County Code §§ 17-2 and -36 void in their entirety. However, County Code §§ 17-36(a) is void as an exercise of power not authorized by the General Assembly. The definitions of "Subdivision, lot" and "Subdivision, residential parcel" are void as applied to Tetra's preliminary subdivision application for a lot subdivision of its property located in the Agricultural District. We will remand this proceeding to the circuit court for further proceedings consistent with this opinion.

Affirmed in part,
reversed in part,
and remanded.