# CIRCUIT COURT OF ORANGE COUNTY

James A. Strong
and Diane Strong

v.

Orange County
Board of Supervisors

October 1, 2012

Case No. CL 08000293

By Judge Paul M. Peatross, Jr.

This case came before the Court on August 30, 2012, for hearing on the merits on the Amended Complaint for Declaratory Judgment by Plaintiffs, James A. and Diane Strong. Specifically, Counts I through IV challenged the Defendant's ("BOS") authority to enact §§ 54-27(1), 54-27(2)(a), 54-27(2)(b), and 54-27(2)(c) of the 2008 Subdivision Ordinance of Orange County on the grounds that the BOS lacked authority to do so under §§ 15.2-2241 and 15.2-2242 of the Code of Virginia of 1950, as amended. Count V of the Amended Complaint was nonsuited.

Facts noted as admitted on pages 2-6 of the Plaintiffs' Pre-Trial Brief, paragraphs 1, 2, 3, 5, 9, 10, 11, 13, 14, 15, 16, 18, 19, 42, are incorporated into this opinion by reference.

## Standing To Sue

Brian Smith, a professional engineer licensed in Virginia, testified as an expert for the Strongs as to the cost of developing land owned by them of 175 acres near Barboursville. He prepared a Master Plan to develop land into 65 lots at the two acre minimum with roads and access off State Route 33.

Mr. Smith discussed this Master Plan with Debbie Kendall, Director of Planning and Zoning for Orange County. In order to get the Master Plan approved, the Strongs either had to get the property re-zoned or they could develop under the subdivision ordinance which permitted four lots every four years, which would take over 32 years to accomplish under the Master Plan. Ms. Kendall told him he would not get "by-right" approval for 65 lots. The costs for his work to lay out a plan to submit a subdivision starting with the eight lots already approved (Plaintiffs' Exhibit 2) and for work with other professionals including septic, road design, storm water and erosion control, VDOT consulting, and surveyor costs would amount to $22,000 to $25,000. Mr. Smith did not submit any plan for approval to the County of Orange.

J. T. Frazier, a certified soil scientist testified as an expert that he evaluated the preliminary plat for the development of the site to 65 lots. He saw the Master Plan (Plaintiffs' Exhibit 1) and the eight lot subdivision (Exhibit 2) and his fee for his work was $20,000 to $40,000 to locate drain fields, do soil samples, and for the use of appropriate equipment for each lot.

Robert W. Coleman, Jr., testified as a licensed surveyor in Virginia. He testified he did the necessary surveying work on the eight lot subdivision. Mr. Coleman gave his professional fees to prepare the necessary surveying work for the 65 lots for the sum of approximately $25,000 to $35,000.

Finally, Diane Strong testified the Plaintiffs had spent $35,000 to date to get the eight lot subdivision approved and it would take another $100,000 to develop the land into a 65 lot subdivision. Under the current ordinance of time phasing, it would take forty years to develop the land.

Even though the Master Plan was never formally submitted to the County for approval, the Strongs discussed the plan though their agents that, if the plan were submitted, it would not be considered for approval in any manner other than the time delayed scheme for development. This Court finds from the evidence presented that, under the authority cited of *River Heights Associates v. Batten*, 267 Va. 262, 591 S.E.2d 683 (2004), and *Hoffman Family, L.L.C. v. Mill Two Associates*, 259 Va. 685, 529 S.E.2d 318 (2000), the Strongs have standing to seek a declaration of their rights under the Declaratory Judgment Act.

## *Validity of the Sections of the Ordinance*

The Strongs argue that the Dillon Rule of strict construction controls the "determination of the powers of local governing bodies." *Board of Supervises of Augusta County v. Countryside Investment Co.*, 258 Va. 497, 503, 522 S.E.2d 610 (1999). The Dillon Rule:

provides that municipal corporations have only those powers that are expressly granted, those necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable. . . . *In Virginia, the powers of boards of supervisors are fixed by statute and are limited to those conferred expressly or by implication.* . . . This rule is a corollary to Dillon's Rule that municipal corporations have only those powers expressly granted, those necessarily or fairly implied therefrom, and those that are essential and indispensable.

*Id.* at 502-03 (emphasis added).

Furthermore, if an ordinance exceeds the scope of the authority conferred by the state, the ordinance is invalid. *Id.* at 503. Finally, if there is a reasonable doubt as to whether the legislative power exists, the doubt must be resolved against the locality. *Marble Technologies v. City of Hampton*, 279 Va. 409, 416-17, 690 S.E.2d 84 (2010).

BOS argues that the enactment of a subdivision ordinance is a legislative act and is entitled to a presumption of legislative validity and, therefore, a presumption of reasonableness. *Eagle Harbor v. Isle of Wight County*, 628 S.E.2d 298, 271 Va. 603 (2008). The Board asserts that the Strongs must overcome the presumption given to the County. The Strongs counter that the presumption does not apply where there is a violation of the Dillon Rule.

BOS also says that there is express statutory authority given to Orange County to make valid the subdivision ordinance. That authority is § 15.2-2240 of the Code of Virginia of 1950, as amended. "The governing body of every locality shall adopt an ordinance to assure the orderly subdivision of land and its development."

The legal authority relied on by the BOS is *Board of Supervisors v. Georgetown Land Co.*, 204 Va. 380, 131 S.E.2d 290 (1963). The Supreme Court said that:

The legislature, in enacting the Virginia Land Subdivision Act, delegated to each locality a portion of the police power of the state, to be exercised by it in determining what subdivisions would be controlled, and how they should be regulated. The legislature left much to the discretion of the locality in making such determination, relying upon the local governing body's knowledge of local conditions and the needs of its individual community. The test as to whether the local body has used this power and discretion properly is has it acted reasonably? Unless there is a clear abuse of power, the judgment of the local legislative body will prevail.

As represented to the Court on August 30, 2012, in oral argument, this case presents one of first impression. The Court has read and studied the legal authority well-presented by both sides including the evidence and arguments of counsel.

The Court finds that the *Georgetown case, supra,* did not address the validity of the enabling legislation, as the Court must do in the case at bar. *Id.* at 383. Therefore, this Court finds that, before it gets to the question of presumptive legislative validity, it must apply the Dillon Rule and determine if the power to delay the pace of development of lots as provided in this subdivision ordinance exists. It has to look at §§ 15.2-2240, 15.2-2241, and 15.2-2242 to see if there is an "express power" or "one by necessary implication" that permits the limitation of subdivision development on a time delayed basis or one subdivision of a parcel every four years.

The *Countryside case, supra,* is law on point that guides a decision in this case. Are §§ 54-27(1), 54-27(2)(a), 54-27(2)(b), and 54-27(2)(c) void because the General Assembly did not authorize the BOS to enact them? In looking at Va. Code § 15.2-2241, which prescribes mandatory provisions which must be included in the subdivision ordinance, and Va. Code § 15.2-2242, which prescribes optional provisions that may be included in a subdivision ordinance, this Court cannot find authority which permits the BOS to legislate a time delay on the subdivision of lots into a minimum of two acre parcels as permitted by the zoning ordinance. As noted by *Countryside,* a Board does not have unfettered discretion when it decides what it may include in a subdivision ordinance. It may exercise discretion only as permitted in §§ 15.2-2241 and 15.2-2242. *Id.* at 504. In reviewing the opinion, this Court notes that the Supreme Court did take notice of § 15.2-2240, but did not apply that statute as a basis for the BOS to exercise discretion in enacting the provisions in question. *Id.* at 501.

This Court rules that the provisions above noted are void and unenforceable for the reasons stated.