PRESENT:  All the Justices

IN RE: IRIS LYNN PHILLIPS

Record No. 020479          OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        January 10, 2003


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

In this appeal, we consider whether Code § 53.1-231.2, which allows a convicted felon to petition a circuit court for approval of a petition for restoration of the felon's eligibility to register to vote, violates the Constitution of Virginia (the Constitution).

In August 1995, the petitioner, Iris L. Phillips, was convicted in the Circuit Court of the City of Lynchburg of making a false written statement incident to the purchase of a firearm, in violation of Code § 18.2-308.2:2(K), a Class 5 felony.  Phillips received a jail sentence of 90 days, which was suspended on the condition that she be of good behavior for five years and pay the costs of her prosecution.

In October 2000, Phillips filed a petition in the same circuit court asking the court to approve the restoration of her eligibility to register to vote.  Her request was based on Code § 53.1-231.2, which allows persons convicted of non-violent felonies, except certain drug-related offenses and election

fraud, to petition a circuit court for approval of a restoration of voting rights.  Code § 53.1-231.2 provides, in relevant part:

> Any person . . . may petition the circuit court of the county or city in which he was convicted of a felony, or the circuit court of the county or city in which he presently resides, for restoration of his civil right to be eligible to register to vote through the process set out in this section.  On such petition, the court may approve the petition for restoration to the person of his right if the court is satisfied from the evidence presented that the petitioner has completed, five or more years previously, service of any sentence and any modification of sentence including probation, parole, and suspension of sentence; that the petitioner has demonstrated civic responsibility through community or comparable service; and that the petitioner has been free from criminal convictions, excluding traffic infractions, for the same period.

> If the court approves the petition, it shall so state in an order, provide a copy of the order to the petitioner, and transmit its order to the Secretary of the Commonwealth.  The order shall state that the petitioner's right to be eligible to register to vote may be restored by the date that is ninety days after the date of the order, subject to the approval or denial of restoration of that right by the Governor. The Secretary of the Commonwealth shall transmit the order to the Governor who may grant or deny the petition for restoration of the right to be eligible to register to vote approved by the court order. . . . The Governor's denial of a petition for the restoration of voting rights shall be a final decision and the petitioner shall have no right of appeal.

In her petition, Phillips stated that more than five years had passed since her conviction, and that she had served her sentence and had paid all required fines and costs.  Phillips also alleged that she had "demonstrated her civi[c] responsibility through community or comparable service," and

2

that she had "had no criminal convictions, excluding traffic infractions," since the date of her felony conviction.

The circuit court declined to consider Phillips' petition, holding that Code § 53.1-231.2 violates the separation of powers doctrine established in the Constitution. The court stated that the Constitution gives the Governor the power to remove political disabilities resulting from criminal convictions and prohibits the General Assembly from delegating that power to the courts. The circuit court further observed that courts are not permitted to render advisory opinions. Thus, the court concluded that it was not permitted to act under the provisions of Code § 53.1-231.2 because such action would exceed the authority that the Constitution vests in the courts.

The circuit court alternatively held that, even if Code § 53.1-231.2 were constitutional, the statute is "so fundamentally flawed that it would be impossible for a circuit court to render an informed decision" because the statute does not provide for notice to the Commonwealth. The court stated, in relevant part:

> The statute makes no provision for notice to or service upon any officer or agency of the Commonwealth; and there is no opportunity or requirement for an officer or agency of the Commonwealth to respond to the petition for restoration, or to appear in court to be heard upon the merits of the petition. The statute permits a circuit court to make findings of fact predicated upon

3

the unchallenged allegations and evidence of the petitioner.

In accordance with these holdings, the circuit court dismissed Phillips' petition without prejudice to her right to petition the Governor directly to restore her voting eligibility. Phillips appeals.

Phillips argues that Code § 53.1-231.2 does not violate the constitutional mandate of separation of powers because the statute merely authorizes a circuit court to determine whether a petitioner has complied with the conditions set forth in the statute. She notes that the decision whether to remove a petitioner's political disability still rests solely with the Governor, who may grant or deny a petition without explanation. Phillips also argues that notice to the Commonwealth is not necessary before a court determines whether a petitioner has met the prescribed statutory standards. We agree with Phillips' arguments.

We are guided by the established principle that all acts of the General Assembly are presumed to be constitutional. Yamaha Motor Corp., U.S.A. v. Quillian, 264 Va. 656, 665, 571 S.E.2d 122, 126 (2002); Finn v. Virginia Retirement System, 259 Va. 144, 153, 524 S.E.2d 125, 130 (2000); Pulliam v. Coastal Emergency Servs. of Richmond, Inc., 257 Va. 1, 9, 509 S.E.2d 307, 311 (1999). In applying this principle, we are required to

4

resolve any reasonable doubt regarding the constitutionality of a statute in favor of its validity.  <u>Finn</u>, 259 Va. at 153, 524 S.E.2d at 130; <u>Walton v. Commonwealth</u>, 255 Va. 422, 427, 497 S.E.2d 869, 872 (1998); <u>Supinger v. Stakes</u>, 255 Va. 198, 202, 495 S.E.2d 813, 815 (1998).  Any judgment concerning the wisdom or propriety of a statute remains solely a legislative function, and we will declare a statute null and void only when it is plainly repugnant to a state or federal constitutional provision.  <u>Pulliam</u>, 257 Va. at 9, 509 S.E.2d at 311; <u>Supinger</u>, 255 Va. at 202, 495 S.E.2d at 815.

Three provisions of the Constitution are central to our analysis of Code § 53.1-231.2.  The first such provision, Article VI, § 1, states in part that subject to certain limitations not applicable here, "the General Assembly shall have the power to determine the original and appellate jurisdiction of the courts of the Commonwealth."

The second provision we consider, Article III, § 1, states in part that "[t]he legislative, executive, and judicial departments shall be separate and distinct, so that none exercise the powers properly belonging to the others, nor any person exercise the power of more than one of them at the same time . . . ."  The third provision we review, Article V, § 12, provides in part that "[t]he Governor shall have power . . . to

remove political disabilities consequent upon conviction for offenses committed . . . ."

The General Assembly's power under Article VI, § 1 to enact legislation fixing the original jurisdiction of circuit courts is subject to the separation of powers mandate of Article III, § 1. Thus, if any statute purporting to confer jurisdiction on the courts impermissibly invades the powers of the Governor granted by the Constitution, that legislation is subject to a constitutional challenge in the Commonwealth's courts. See Art. VI, § 1.

In considering constitutional challenges based on the separation of powers doctrine stated in Article III, § 1, we have long emphasized that reviewing courts must evaluate such challenges in the contextual framework of the "whole power" of a governmental department. We have defined both the scope of this "whole power" principle and the practical reasons underlying its application:

> It is undoubtedly true that a sound and wise policy should keep these great departments of the government as separate and distinct from each other as practicable. But it is equally true that experience has shown that no government could be administered where an absolute and unqualified adherence to that maxim was enforced. The universal construction of this maxim in practice has been that the whole power of one of these departments should not be exercised by the same hands which possess the whole power of either of the other departments, but that either department may exercise the powers of another to a limited extent.

6

Winchester & Strasburg R.R. Co. v. Commonwealth, 106 Va. 264, 268, 55 S.E. 692, 693 (1906); accord Roach v. Commonwealth, 251 Va. 324, 338, 468 S.E.2d 98, 106 (1996); Baliles v. Mazur, 224 Va. 462, 472, 297 S.E.2d 695, 700 (1982).

We hold that when Code § 53.1-231.2 is examined in accordance with this principle, the statute does not violate the Constitution's mandate of separation of powers. The plain language of the statute does not authorize a circuit court to exercise the "whole power," or any part of the power, granted to the Governor to remove political disabilities resulting from a felony conviction.

In this statute, the General Assembly has established standards for identifying felons who may qualify for restoration of their eligibility to vote. A circuit court's function under the statute is limited to making a determination whether a petitioner has presented competent evidence supporting the specified statutory criteria, and a court's approval or denial of a petition and transmittal of its order to the Secretary of the Commonwealth completes this statutory process. The court's order does not constitute the rendering of an advisory opinion because the order adjudicates only the issue of the sufficiency of the evidence in support of the statutory criteria and does

7

not state an opinion whether the Governor should remove the convicted felon's political disabilities.

We also observe that when a circuit court denies a petition filed under the statute, that denial does not affect a convicted felon's constitutional right to apply directly to the Governor for restoration of the felon's voting eligibility. See Art. V, § 12. Moreover, a felon seeking restoration of these rights is not required to file a petition in a circuit court before applying to the Governor for such relief. Thus, under Code § 53.1-231.2, a circuit court does not exercise any function that would restrict the power of the Governor to restore a convicted felon's voting eligibility.

In either process chosen by a convicted felon, the power to remove the felon's political disabilities remains vested solely in the Governor, who may grant or deny any request without explanation, and there is no right of appeal from the Governor's decision. Therefore, we hold that Code § 53.1-231.2 does not assign to the judicial branch of government a function reserved to the Governor by the Constitution, and that the circuit court erred in reaching a contrary conclusion.

We also disagree with the circuit court's conclusion that Code § 53.1-231.2 is "fundamentally flawed" because it does not provide for notice and the right to be heard to "any officer or agency of the Commonwealth." The right to notice as a

8

requirement of due process is limited to interested parties, so that they may be apprised of an action and be given an opportunity to be heard on matters pending before a court that may affect their interests.  See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 707 (1988); Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 484 (1988); Assocs. Fin. Servs. Co. v. McPeek, 222 Va. 176, 178, 278 S.E.2d 847, 848 (1981).  The language of Code § 53.1-231.2 reflects the General Assembly's determination that the Commonwealth is not an interested party in an evidentiary hearing conducted by a circuit court under the statute.  This determination does not offend the Commonwealth's right of due process because, among other reasons, the statute does not authorize a circuit court to take any action purporting to remove a felon's political disabilities.

For these reasons, we will reverse the circuit court's judgment and remand the case to that court for consideration of Phillips' petition in conformance with the provisions of Code § 53.1-231.2.

Reversed and remanded.

9