# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 11th day of April, 2019.*

Present:  All the Justices

Thomas Sydney Turner,                                                                    Appellant,

 against                      Record No. 180644
                             Court of Appeals No. 0826-17-2

Commonwealth of Virginia,                                                              Appellee.


                                                    Upon an appeal from a judgment
                                                    rendered by the Court of Appeals of
                                                    Virginia.


        Upon consideration of the record, briefs, and arguments of counsel, for the reasons set forth below, the Court is of opinion that the judgment of the Court of Appeals should be affirmed.

        The Code of Virginia establishes a different registration regime for sex offenders and sexually violent offenders.  A person who is classified as a sexually violent offender must register with the State Police every 90 days from the date of initial registration.  Code § 9.1-904(A).  A person who is a sex offender but not a sexually violent offender must register with the State Police on an annual basis.  *Id.*  The Code also specifies the out-of-state convictions for which a person must register in Virginia, and whether those convictions require a person to register as a sexually violent offender.  Code § 9.1-902(F).  The Commonwealth concluded that Thomas Sydney Turner was required to register as a sexually violent offender.  When he failed to reregister within the 90-day period, he was prosecuted and convicted for failing to reregister as a sexually violent offender under Code § 18.2-472.1(B).

        Thomas acknowledges that he must register as a sex offender.  He argues, however, that he was erroneously classified as a *sexually violent offender* and he should not have been convicted for failing to reregister within the 90-day period.  The trial court and the Court of Appeals disagreed.  We granted Thomas an appeal.

The record establishes that, in 2004, Turner was convicted in Idaho of "Sexual Abuse of a Child Under the Age of 16, a felony," in violation of Idaho Code § 18-1506, [1] and he was ordered to register "as a sex offender" with the State of Idaho. Turner moved to Virginia from Idaho in 2016.

On March 3, 2016, Turner registered as a sex offender at Virginia State Police headquarters. He acknowledged in writing that the State Police would review his registration to determine if he is required to register and the classification level associated with his registration. A March 15, 2016 letter from the State Police advised that Turner's Idaho offense had been classified as sexually violent. It further stated Turner was required to reregister every 90 days because his Idaho conviction was "substantially similar to a sexually violent offense as outlined in Section 9.1-902, *Code of Virginia*, and/or [he had been] convicted of an offense for which registration in a Sex Offender and Crimes Against Minors Registry is required under the laws of the jurisdiction where [he was] convicted."

Ten days after the letter was sent, Turner appeared at State Police headquarters to register a change of address. On the registration form, Turner acknowledged he had been classified as a "Sexually Violent Offender" requiring him to reregister every 90 days. The registration form, which Turner signed, also advised that if he failed to reregister, he could be convicted under Code § 18.2-472.1. Four days later, on March 29, Turner registered another change of address. He again signed an acknowledgement that he was classified as a sexually violent offender and required to reregister every 90 days.

---

[1] Idaho Code § 18-1506 provides:

> (1) It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to:
> (a) Solicit a minor child under the age of sixteen (16) years to participate in a sexual act;
> (b) Cause or have sexual contact with such minor child, not amounting to lewd conduct as defined in section 18-1508, Idaho Code;
> (c) Make any photographic or electronic recording of such minor child; or
> (d) Induce, cause or permit a minor child to witness an act of sexual conduct.

Before his June 1, 2016 reregistration deadline, Turner returned to State Police headquarters to reregister and, again, acknowledged in writing his classification as a sexually violent offender. The reregistration form stated at the top, in all capital letters, "Violent Sex Offender" and reiterated he was required to reregister every 90 days.

Turner's next reregistration deadline was August 30, 2016. Turner signed the reregistration form on August 23, 2016, but it was not received by the Sex Offender and Crimes Against Minors Registry ("the Registry") until September 7, 2016.

State Police began an investigation after Turner's reregistration form was received late, and an investigator met with Turner in late October. Turner told the trooper he had reregistered but was unsure of the date. He also said he thought he had to reregister only once or twice a year and that he had been classified as a non-violent offender in Idaho. Turner was arrested, charged, and convicted for failing to reregister as a sexually violent offender. The Court of Appeals of Virginia affirmed those convictions by unpublished opinion. This appeal followed.

Code § 9.1-902(A) provides as follows:

> A. For purposes of this chapter:
> "Offense for which registration is required" includes:
> 1. Any offense listed in subsection B;
> 2. Criminal homicide;
> 3. Murder;
> 4. A sexually violent offense;
> 5. Any offense similar to those listed in subdivisions 1 through 4 under the laws of any foreign country or any political subdivision thereof, the United States or any political subdivision thereof; and
> 6. Any offense for which registration in a sex offender and crimes against minors registry is required under the laws of the jurisdiction where the offender was convicted.

Subsection (B) lists a number of Virginia crimes that require registration. Subsection (C) defines the term "Criminal homicide." Subsection (D) defines "Murder." Subsection (E) specifies what Virginia and United States offenses qualify as "Sexually violent" offenses. Subsection (F) provides that

> "Any offense listed in subsection B," "criminal homicide" as defined in this section, "murder" as defined in this section, and "sexually violent offense" as defined in this section includes (i) any similar offense under the laws of any foreign country or any political subdivision thereof, the United States or any political

3

subdivision thereof or (ii) any offense for which registration in a
sex offender and crimes against minors registry is required under
the laws of the jurisdiction where the offender was convicted.

The case turns on the interpretation of Code § 9.1-902(F)(ii). "[W]hen the language of a statute is unambiguous, we are bound by the plain meaning of that language." *D'Amico v. Commonwealth*, 287 Va. 284, 288 (2014).

Turner argues that the language and structure of "Code § 9.1-902 only requires the most stringent restraints on liberty for individuals classified as 'sexually violent offenders,' or out-of-state offenders whose convictions are similar to a Virginia sexually violent offense, and not, as the Court of Appeals has concluded, for every out-of-state offender required to register in their state of conviction." The plain language of Code § 9.1-902(F), however, does not support the interpretation he advances. The plain import of subpart (ii) is to place within the definition of "'any offense listed in subsection B,' 'criminal homicide' as defined in this section, 'murder' as defined in this section, and 'sexually violent offense' as defined in this section" *all persons* convicted of "any offense for which registration in a sex offender and crimes against minors registry is required under the laws of the jurisdiction where the offender was convicted." "Since the language of the statute is clear and unambiguous, there is no reason to consider the intent of the legislature, or the wisdom of the law." *General Accident Fire & Life Assurance Corp. v. Aetna Cas. & Sur. Co*., 208 Va. 467, 474-75 (1968). "[I]t is the function of the courts to interpret and apply the acts of the legislature as written and not to rewrite or correct them." *Id.* at 474.

Furthermore, although Turner argues that this interpretation creates an absurdity, we have limited the application of the absurdity canon of construction to two narrow situations: when "the law would be internally inconsistent," and when the law would be "otherwise incapable of operation." *Covel v. Town of Vienna*, 280 Va. 151, 158 (2010). Our interpretation of Code § 9.1-902(F)(ii), however, does not create a conflict within the statute. The effect of the statute is to treat some persons convicted in another state differently than some persons convicted in Virginia, by imposing on some out-of-state convicts a more onerous registration regime. Although the policy basis for this difference in treatment is not clear,[2] it is not an internal

---

[2] No obvious explanation emerges for why the General Assembly decided to treat all persons who must register in their state of conviction to register in Virginia as *violent* sex offenders *and* register under the criminal homicide *and* murder perpetrators *and* persons having

inconsistency in the statute. The plain language interpretation also does not render the statute incapable of operation. Accordingly, we do not resort to the absurdity canon to circumvent its plain language.

Turner was required to register as a sex offender in Idaho. Constrained by the text of Code § 9.1-902(F)(ii), we conclude that he was required to register as a sexually violent offender in Virginia. Therefore, we will affirm the judgment of the Court of Appeals of Virginia, upholding Turner's conviction for failure to register as required.[3]

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Richmond.

A Copy,

Teste:

Douglas B. Robelen, Clerk

---

committed one of the offenses listed in Code § 9.1-902(B), all for what may well be a lesser non-homicidal sex crime.

[3] The Court of Appeals held that the trial court erred in comparing the Idaho statute to the Virginia statute. *Turner v. Commonwealth*, No. 0826-17-2, 2018 WL 1801266 (Va. Ct. App. 2018). In light of our holding, we need not reach the question of whether and under what circumstances a comparison of statutes might be required.