COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys,[*] Athey and Fulton
Argued at Norfolk, Virginia


LAWRENCE W. NALLS, III

v.        Record No. 1536-22-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE CLIFFORD L. ATHEY, JR.
FEBRUARY 6, 2024

**PUBLISHED**

FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
W. Revell Lewis, III, Judge

(Tucker L. Watson, on brief), for appellant.  Appellant submitting
on brief.

Suzanne Seidel Richmond, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


The Circuit Court of Accomack County ("circuit court") found Lawrence W. Nalls, III

("Nalls") in violation of his probation and revoked and resuspended all but four years of his

previously suspended sentences.  Nalls appeals, arguing that the circuit court failed to abide by the

sentencing limitation of Code § 19.2-306.1.  Specifically, he argues that despite two previous

technical violations of probation, he could not be sentenced to more than 14 days of incarceration

because this was the first time he had violated his probation by absconding.  For the following

reasons, we disagree and affirm the judgment of the circuit court.

I. BACKGROUND

On October 25, 2018, the circuit court sentenced Nalls to three years' imprisonment, with

two years and six months suspended, for shoplifting, third or subsequent offense.  On that same

---

[*] Judge Humphreys participated in the hearing and decision of this case prior to the
effective date of his retirement on December 31, 2023.

date, the circuit court also sentenced Nalls to three years' imprisonment, with two years and six months suspended, for an additional shoplifting conviction and 12 months, all suspended, for possession of buprenorphine. Also on October 25, 2018, the circuit court sentenced Nalls to a total of six years' imprisonment, with five years and seven months suspended, for receiving a stolen firearm and for possession of a firearm as a convicted felon. Before the present case arose, Nalls had twice before been found in violation of his probation, and the circuit court revoked and resuspended his previous sentences, in part, in 2019, and again in September of 2021.

In June of 2022, Probation Officer Joseph Hullihan ("Officer Hullihan") filed the current major violation report ("MVR") alleging that Nalls had violated Condition 6 of his probation by failing to report to the probation office on two occasions despite being instructed by his probation officer to do so. The MVR also alleged that he violated Condition 10 of his probation by moving without informing probation and parole of his change of address as well as Condition 11 of his probation by absconding from supervision. As a result, the circuit court issued a capias for Nalls' arrest and Nalls was arrested on June 25, 2022.

At a subsequent revocation hearing, Nalls admitted the alleged violations. Officer Hullihan also testified that these offenses constituted Nalls' third technical violation of probation but that this was the first time he had absconded from supervision. Officer Hullihan then testified that it was his understanding that the first absconding violation took precedence over the third technical violation per Code § 19.2-306.1 and therefore the potential sentence was capped at 14 days. The circuit court concluded that the sentencing guidelines, which recommended a maximum sentence of 14 days, were only advisory and that because of Nalls' history a lengthier sentence was appropriate. The circuit court revoked Nalls' suspended sentences and resuspended all but four years, which he was required to serve. Following the hearing, the Commonwealth's Attorney expressed concern to the

circuit court about the court's authority to impose a greater than 14-day sentence under Code § 19.2-306.1. Therefore, the circuit court stayed its order and reset the matter for another hearing.

At the second hearing, Officer Hullihan testified that when he originally prepared the sentencing guidelines, he checked the box on the form indicating a third technical violation and another box for a technical violation based on absconding. He further stated that when the sentencing guidelines were prepared in this manner, the recommended sentencing range was 0 to 14 days of incarceration. He also testified that in preparation for the second hearing, he produced a second set of guidelines and that he did not check the absconding violation box, only the third technical violation box. These guidelines produced a recommended sentencing range of one year to one year six months' incarceration.

Nalls' counsel argued that Code § 19.2-306.1(C) limited the circuit court to imposing at most a 14-day sentence because the statute includes the provision: "a first technical violation based on clause (viii) or (x) [which addresses absconding from probation] of subsection A shall be considered a second technical violation, and any subsequent technical violation also based on clause (viii) or (x) of subsection A shall be considered a third or subsequent technical violation." Since this was the first time Nalls had absconded from probation, his counsel argued that this language in subsection C controlled and despite his other third technical violations of probation, the circuit court was limited to imposing 14 days. The circuit court rejected this argument and affirmed its previous order. Nalls appealed.

## II. ANALYSIS

### A. *Standard of Review*

"On appeal, '[w]e view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it.'" *Green v. Commonwealth*, 75 Va. App. 69, 76

(2022) (alterations in original) (internal quotations omitted) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "[T]he trial court's findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." *Id.* (internal quotations omitted) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). "However, '[u]nder well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo.'" *Id.* (alteration in original) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)).

B. *The circuit court was permitted to sentence Nalls for a third technical violation of probation.*

Nalls contends that Code § 19.2-306.1 limited his term of incarceration to 14 days, because despite his previous probation violations, this was the first time he had violated clause (x) of Code § 19.2-306.1(A) and Code § 19.2-306.1(C) dictates that a first technical violation based upon clause (x) shall be treated as a second technical violation. We disagree.

Code § 19.2-306.1 contemplates non-technical and technical violations of probation. A violation is technical when it is based on a probationer's failure to do one of ten actions enumerated by Code § 19.2-306.1(A). Clause (x) of Code § 19.2-306.1(A) makes it a technical violation to fail to "maintain contact with the probation officer whereby his whereabouts are no longer known to the probation officer," or in other words, to abscond from probation. Code § 19.2-306.1 also limits the circuit court's sentencing power related to technical violations of probation:

> The court shall not impose a sentence of a term of active incarceration upon a first technical violation of the terms and conditions of a suspended sentence or probation, and there shall be a presumption against imposing a sentence of a term of active incarceration for any second technical violation of the terms and conditions of a suspended sentence or probation. However, if the court finds, by a preponderance of the evidence, that the defendant committed a second technical violation and he cannot be safely diverted from active incarceration through less restrictive means,

- 4 -

the court may impose not more than 14 days of active incarceration for a second technical violation. The court may impose whatever sentence might have been originally imposed for a third or subsequent technical violation. For the purposes of this subsection, a first technical violation based on clause (viii) or (x) of subsection A shall be considered a second technical violation, and any subsequent technical violation also based on clause (viii) or (x) of subsection A shall be considered a third or subsequent technical violation.

Code § 19.2-306.1(C).

It is well settled that "[w]hen construing a statute, our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Cuccinelli v. Rector & Visitors of Univ. of Va.*, 283 Va. 420, 425 (2012) (quoting *Commonwealth v. Amerson*, 281 Va. 414, 418 (2011)). "When the language of a statute is unambiguous, we are bound by the plain meaning of that language." *Id.* (quoting *Kozmina v. Commonwealth*, 281 Va. 347, 349 (2011)). Further, we "consider[] . . . the entire statute" so as to "place its terms in context" "because 'it is our duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal.'" *Id.* (quoting *Eberhardt v. Fairfax Cnty. Emps.' Ret. Sys. Bd. of Trs.*, 283 Va. 190, 194-95 (2012)). We are not to interpret a statute "by singling out a particular phrase." *Id.* at 426 (quoting *Eberhardt*, 283 Va. at 195). We are "to give effect, if possible, to every word of the written law." *Heart v. Commonwealth*, 75 Va. App. 453, 468 (2022) (quoting *Burnette v. Commonwealth*, 194 Va. 785, 788 (1953)).

Nalls contends that because Code § 19.2-306.1(C) states that "a first technical violation based on [absconding] . . . shall be considered a second technical violation," and the evidence indicated this was the first time Nalls had absconded from probation, he could only be sentenced to a maximum of 14 days' incarceration. He interprets the statute to require a court to ignore previous technical violations of probation when one absconds from probation for the first time. This reading abuses the language of the statute by treating "a first technical violation based on

clause (viii) or (x) of subsection A" as a single unit. Code § 19.2-306.1(C). It is not a single unit. Rather, "first technical violation" is a single grammatical unit modified by "based on clause (viii) or (x) of subsection A." *Id.*

This is the plain meaning in light of the entirety of subsection C, which speaks throughout of first technical violations ("The court shall not impose a sentence of a term of active incarceration upon a first technical violation of the terms and conditions of a suspended sentence or probation . . . ."), second technical violations ("[T]here shall be a presumption against imposing a sentence of a term of active incarceration for any second technical violation of the terms and conditions of a suspended sentence or probation." "[I]f the court finds . . . that the defendant committed a second technical violation . . . ."), and third technical violations ("The court may impose whatever sentence might have been originally imposed for a third or subsequent technical violation."). *Id.*

We are compelled to state the obvious by noting that "first" is defined as "[p]receding all others in time, order, series, succession, etc.; earliest in occurrence, existence, etc. . . ." *First*, *Shorter Oxford English Dictionary* (5th ed. 2002). "Second" is defined as "[c]oming next after the first in time, order, series, succession, position, occurrence, existence, rank, importance, excellence, etc.; that is number two in a series." *Id. (Second)*. "Third" is defined as "[n]ext in order after the second, that is number three in a series." *Id. (Third)*. Here, Code § 19.2-306.1(A) defines "technical violation" as "a violation based on the probationer's failure to" and lists ten particular actions. Thus, a first technical violation is the first time one violates probation by committing an act proscribed by Code § 19.2-306.1(A). A second technical violation is the second time one violates probation in this manner, and a third technical violation is the third time one has violated probation in this manner.

The meaning of "first technical violation" is no different in the clause, "[f]or the purposes of this subsection, a first technical violation based on clause (viii) or (x) of subsection A shall be considered a second technical violation," Code § 19.2-306.1(C), than elsewhere in the same subsection. That clause is describing instances in which the first time a defendant has violated probation is based upon a violation of clause (viii) or (x), not the first time a defendant violates clauses (viii) or (x) regardless of how many times he has previously violated other technical terms of probation.

Any other reading not only contradicts the plain language of the statute, but also produces an absurd result. This Court has previously acknowledged that the language upon which Nalls relies treats violations based upon clauses (viii) and (x) as more serious than other technical violations and therefore creates harsher penalties. *Heart*, 75 Va. App. at 469-70. Hence, we explained that the statute "creat[es] a hierarchy within the categories of technical violations." *Id.* Thus, "the end of paragraph C emphasizes that certain technical violations are more serious, and therefore skip the 'first technical violation' tier[,]" and, "[f]or these violations, a probationer gets only one warning before facing the potential of a significant sentence." *Id.* at 470.

Nalls' proposed reading of Code § 19.2-306.1(C) would have the same language that creates an enhanced penalty under certain circumstances produce a lesser result under other circumstances. The General Assembly considers technical violations based upon the use or possession of firearms and based upon absconding to be so egregious that enhanced penalties are appropriate after only one offense. Therefore, it is absurd to conclude that the General Assembly intends the same particularly offensive conduct to produce a less harsh penalty when following a train of previous violations. *See Turner v. Commonwealth*, 297 Va. 257, 260-61 (2019) (explaining that the absurdity canon of construction applies "when 'the law would be internally

- 7 -

inconsistent,' and when the law would be 'otherwise incapable of operation'" (quoting *Covel v. Town of Vienna*, 280 Va. 151, 158 (2010))).

We refuse to credit such an interpretation. A third technical violation, even if based upon a first instance of the probationer's absconding, may be punished as a third technical violation, which is to say, "[t]he court may impose whatever sentence might have been originally imposed." Code § 19.2-306.1(C).

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed.*